IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Marion Crosby**, | ) | |
| 9027 Greenview St. | ) | Case No. |
| Detroit, Michigan 48228, | ) | |
| | ) | Judge: |
| Plaintiff, | ) | |
| | ) | Magistrate: |
| v. | ) | |
| | ) | |
| **Cutex Brands, LLC**, | ) | **COMPLAINT FOR** |
| 100 Industrial Dr. | ) | **PATENT INFRINGEMENT** |
| Festus, MO 63028, | ) | |
| | ) | *(Jury Demand Endorsed Hereon)* |
| Defendant. | ) | |

NOW COMES the Plaintiff, *Marion Crosby*, and for her Complaint against the Defendant hereby alleges as follows:

### THE PARTIES

1. The Plaintiff, Marion Crosby, is a real person residing in Detroit, Michigan. Plaintiff is the inventor of the subject utility patent that is the subject of this lawsuit.

2. The Defendant, Cutex Brands, LLC, upon information and belief, is a business entity that conducts business in every jurisdiction in the United States, including in the Northern District of Ohio, which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

### JURISDICTION AND VENUE

3. This is an action for patent infringement. The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281 *et al*.

4. This Court has federal question subject matter jurisdiction in this matter, at least, pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 *et al.* because this action arises under federal law of the United States.

5. In addition or in the alternative to this Court's federal question jurisdiction, this Court also has subject matter jurisdiction pursuant to diversity of citizenship principles as the parties are from different states and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

7. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." In this case, the Defendant transacts business in this state. The Defendant sells infringing product in this district and elsewhere.

8. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state." In this case, the Defendant contracts to supply goods in this state. The Defendant sell infringing product in this district and elsewhere.

9. Notably, the Defendant sells products over the cutexshop.com platform, which is a website that is active rather than passive, meaning, it permits Ohio users to place orders, to store personal account information, to register a username and password, to access customer

Plaintiff's Complaint - 2

2 - 2 -

service, and to ship products to different states, including Ohio. Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process. *See, e.g., Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3418306 (N.D. Ohio Aug. 4, 2011); *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008 (S.D. Ohio March 22, 2007); *V Secret Catalogue v. Zdrok*, 2003 WL 22136303 (S.D. Ohio Aug. 29, 2003); *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000).

10. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) *et al.* because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and infringement occurred within this judicial district. Indeed, although venue could lie in many different potential forums, venue is proper here.

## FACTUAL ALLEGATIONS

11. On June 10, 2003, United States Utility Patent No. 6,575,172, entitled "Disposable Nail Polish Removal Pad With Handle" (hereinafter referred to as the '172 patent) duly and legally issued to Marion Crosby, as inventor, for the aforementioned invention. <u>(A true and accurate copy of the '172 patent as issued is attached hereto as "Exhibit 1.")</u>

12. The '172 patent teaches a nail polish removal pad.

13. Claim No. 5 of the '172 patent teaches:

A disposable nail polish removal pad comprising:
a disc-shaped base portion, said disc-shaped base portion has an upper surface opposite a lower surface, and wherein said base portion is fabricated of a material resistant to nail polish remover;

an absorbent cotton applicator; said absorbent cotton applicator is of a circular, dome-like configuration and dimensionally sized so as to facilitate removal of nail polish from toenails while ensuring any nail polish on fingernails is not damaged; and

a handle portion, said handle portion is of a linearly elongated, C-shaped configuration affixed to said lower surface of said disc-shaped base portion and fabricated of a material resistant to nail polish remover, and wherein said handle portion provides a grasping means for facilitating easy manipulation of said disposable nail polish removal pad between fingers of a user.

14. Claim No. 8 of the '172 patent teaches:

    The disposable nail polish removal pad of claim 5, wherein said handle portion is perpendicularly adhered to said lower surface of said base portion.

15. The Defendant has made, used, sold, offered for sale, and/or imported products that infringe at least independent Claim No. 5, and dependent Claim No. 8 of the '172 patent.

16. The Defendant's Cutex® Cotton Ball Holder infringes at least Claim Nos. 5 and 8 of the '172 patent.  (See an offer for sale of the allegedly infringing product or "accused article" attached hereto as "Exhibit 2," and incorporated herein by reference.)

17. (See a preliminary claims chart showing infringement of Claim Nos. 5 and 8 attached hereto as "Exhibit 3," and incorporated herein by reference.)  This claim chart is preliminary and may be modified, extended, or changed during the litigation per the Court's Local Patent Rules.

18. The Defendant has sold their infringing product in this judicial district in Ohio and elsewhere.

19. The aforementioned activities of the Defendant have also injured and threaten future and immediate injury to the Plaintiff.  More specifically, the Defendant's activities have diminished the Plaintiff's goodwill.

20. The Defendant is not authorized in any way to sell their infringing products or to use the intellectual property owned by the Plaintiff.

21. The Plaintiff is entitled to an award of damages against Defendant, and is entitled to injunctive relief.

### **CLAIM NO. 1**
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

22. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

23. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '172 utility patent. (See Exs. 1, 2, and 3.)

24. The Defendant's conduct is an infringement of the '172 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

25. The Defendant will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

26. Upon information and belief, the Defendant has been, and are, actively inducing infringement of the '172 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

27. The Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiff's rights, and wanton, and as a result, the Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

28. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

### **PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiff prays that this Court enter an Order against the Defendant as follows:

A) A preliminary injunction and permanent injunction enjoining the Defendant from making, using, offering for sale, selling, and/or importing any product that infringes upon the '172 patent;

B) An award of damages adequate to compensate for the patent infringement including lost profits but in no event less than a reasonable royalty, together with interest and costs pursuant to 35 U.S.C. § 284 *et al.*;

C) A trebling of patent infringement damages pursuant to 35 U.S.C. § 284 *et al.*;

D) Attorney's fees in a patent case pursuant to 35 U.S.C. § 285 *et al.*;

E) An accounting for damages resulting from Defendant's intellectual property infringement;

F) An assessment of interest on the damages so computed;

G) Judgment against Defendant indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendant to any person who was confused as to some association between the Plaintiff and Defendant as alleged in this Complaint;

H) Requiring Defendant to account to the Plaintiff for all sales and purchases that have occurred to date, and requiring the Defendant to disgorge any and all profits derived by Defendant for selling infringing product;

I) Requiring Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

J) Requiring Defendant to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

K) Requiring Defendant to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

L) Ordering a product recall of infringing product for destruction;

M) Requiring Defendant to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

N) Requiring Defendant to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

O) Damages according to each cause of action herein;

P) Prejudgment interest; and,

Q) Any such other relief in law or equity that this honorable Court deems just.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable

Plaintiff's Complaint - 7

7 - 7 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Most Respectfully Submitted,


    **/s/ David A. Welling**
**DAVID A. WELLING (0075934)**
**C. VINCENT CHOKEN (0070530)**
*CHOKEN WELLING LLP*
3020 West Market Street
Akron, Ohio 44333
Tel.    (330) 865 – 4949
Fax    (330) 865 – 3777
davidw@choken-welling.com
vincec@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
*MCCARTHY LEBIT, CRYSTAL & LIFFMAN*
101 West Prospect Ave., Ste. 1800
Cleveland, Ohio 44115
Tel.    (216) 696 – 1422
Fax    (216) 696 – 1210
johng@inventorshelp.com

*Counsel for the Plaintiff*